IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| SHANESE HALLEY )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>LULAROE, LLC )<br>)<br>Defendant. )<br>)<br>_____ ) | CIVIL ACTION NO. 3:24-cv-3198-MGL-PJG<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Shanese Halley ("Plaintiff) who was adversely affected by such practices. Plaintiff alleges that LulaRoe, LLC ("Defendant") unlawfully discriminated against her by subjecting her to sexual harassment and a hostile work environment.

## JURISDICTION AND VENUE

1.  More than thirty days prior to the institution of this lawsuit, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII of the Civil Rights Act of 1964, as amended, by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

2.  On February 28, 2024, EEOC issued a Determination and Notice of Right to Sue Letter to Plaintiff.

3.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. This

action is instituted pursuant Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

4.      Pursuant to 28 U.S.C. § 1391(b), this Court is the proper venue because a substantial part of the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Columbia Division.

## PARTIES

5.      Plaintiff is an individual who at all relevant times has lived in Kershaw County in the State of South Carolina.

6.      At all relevant times, Defendant LulaRoe, a California limited liability company, has continuously been doing business in the State of South Carolina, including, but not limited to its facility in Blythewood, Richland County, South Carolina and has continuously had at least 15 employees.

7.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

8.      At all relevant times, Defendant employed Plaintiff within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

9.      Plaintiff began working in Defendant's employ in January 2018.

10.     Since at least May 2023, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1) by subjecting Plaintiff to sexual harassment and constructively discharging her.

11. At the time of the sexual harassment described in this complaint, Plaintiff held the position of a forklift operator.

12. Shortly prior to May 2023, Prince Hagins ("Hagins") began working in Defendant's employ.

13. Around May 2023, Plaintiff began experiencing sexually harassing behavior from her co-worker, Prince Hagins.

14. Plaintiff reported Hagins's sexual harassment to her supervisor, Tommy Kares.

15. Hagins's sexual harassment of Plaintiff involved making sexual innuendos and sexually charged comments to Plaintiff.

16. Hagins's sexual harassment caused Plaintiff to start wearing a long coat, during the summer months, to cover her backside in an attempt to avoid Hagins's sexual comments about her body.

17. Hagins was accused by other employees of sexual harassment prior to Plaintiff complaining of Hagins's harassment. Hagins's sexual harassment included grabbing his crotch while talking to another female employee and making sexually suggestive comments.

18. Defendant failed to take any action against Hagins, despite being aware of complaints from other employees of Hagins's sexual harassment prior to Plaintiff complaining.

19. Hagins's continued harassment was intolerable and on or about June 9, 2023, Plaintiff was constructively discharged.

**FIRST CAUSE FOR ACTION**
(Sex Discrimination—Sexual Harassment)

20. Each and every allegation stated above is restated as if repeated verbatim.

21. Since at least May 2023, Defendant has engaged in unlawful employment practices and subjected Plaintiff to discrimination on the basis of sex, including unwelcomed sexual harassment

that was severe and pervasive.

22. Hagins's actions were unwelcomed and unsolicited by Plaintiff.

23. Defendants were aware of Hagins's harassing behavior prior to Plaintiff reporting this behavior to her supervisor, but failed to take any action.

24. The actions described herein caused Plaintiff severe emotional distress.

## **PRAYER FOR RELIEF**

Wherefore, the Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in harassment based on sex and from engaging in reprisal or retaliation against any person who engages in protected activity under Title VII;

B. Order Defendant to institute and carry out policies, practices, and programs which prevent harassment based on sex and prohibit reprisal or retaliation against any person who engages in protected activity under Title VII;

C. Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and a conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not tolerate harassment based on sex and that Defendant will not take any action against employees because they have exercised their rights under Title VII;

D. Order Defendant to make the Plaintiff whole by providing appropriate backpay, lost benefits, and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not

limited to, front pay.

D. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, in an amount to be determined at trial.

E. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be determined at trial.

F. Order Defendant to pay Plaintiff punitive damages for its callous indifference to her federally protected right to be free from sex-based harassment;

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award Plaintiff Attorney fees and costs of this action.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all questions of fact raised in this complaint.

[Signature Block on Following Page]

Respectfully submitted,

S/Greg B. Collins
Greg B. Collins Fed Bar # 10350
SAVAGE, ROYALL & SHEHEEN, LLP
Post Office Drawer 10
Camden, South Carolina 29021
(803) 432-4391

—and—

/s/ Arien P. Cannon
Arien P. Cannon, Federal ID No. 13768
Cannon Law Group, P.C.
512 Rutledge Street
Camden, South Carolina 29020
Phone: (803) 432-4402
Fax: (803) 432-3048
ACannon@dncannonlaw.com

*Attorneys for Plaintiff*